IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03159-MSK-CBS

ANN MILLER,
    Plaintiff,
v.

WELLS FARGO HOME MORTGAGE,[1]
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff, Ms. Miller's failure to appear at the Status Conference held on May 2, 2013 and the Status Conference held on April 1, 2013, failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and court orders, and failure to prosecute this case. Pursuant to the Order Referring Case dated January 14, 2013, this civil action was referred to the Magistrate Judge. (*See* Doc. # 9). The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se*, Ms. Miller filed her initial Complaint on December 4, 2012 and her Amended Complaint on December 14, 2012. (*See* Docs. # 1, # 6). Ms. Miller asserts a claim for "Breach of Contract," alleging that Defendants disposed of her personal property that was stored in a home in foreclosure. (*See* Doc. # 6 at 2-3 of 6). She seeks $200,000.00 in damages. (*See id*. at 6 of 6).

    On March 5, 2013, the court issued an Order setting a Preliminary Scheduling Conference on April 1, 2013 at 10:00 a.m. (*See* Order (Doc. # 15)). The court mailed Ms. Miller's copy of the

---

    [1]     Plaintiff's claims against Defendant Chase Manhattan Bank were dismissed with prejudice by stipulation on April 9, 2013. (*See* Docs. # 16, # 22).

Order to her address of record with the court.  (*See* Notice of mailing of Doc. # 15).  On March 29, 2013, Ms. Miller and Defendant Chase Manhattan Bank filed their "Joint Motion to Dismiss." (*See* Doc. # 16).  On February 26, 2013 and March 4, 2013, copies of a Process Receipt and Return were filed by the U.S. Marshall, indicating service on Defendant Wells Fargo Home Mortgage at the Iowa Secretary of State.  (*See* Docs. # 13, # 14).  Based on the Joint Motion to Dismiss filed by Ms. Miller and Defendant Chase Manhattan Bank and the court's doubts regarding service on Defendant Wells Fargo Home Mortgage through the Iowa Secretary of State, the court converted the Preliminary Scheduling Conference to a Status Conference.  (*See* Doc. # 18).  The court held the Status Conference on April 1, 2013 at 10:00 a.m.  Neither Ms. Miller nor Defendant Wells Fargo Home Mortgage appeared.  The Courtroom Deputy telephoned several times Ms. Miller's telephone number of record with the court.  Ms. Miller did not answer and no answering service permitted the Courtroom Deputy to leave any message.  Ms. Miller has not contacted the court regarding her failure to appear.

On April 1, 2013, the court issued an Order to Show Cause to Ms. Miller pursuant to D.C. COLO. LCivR 41.1.  The court ordered Ms. Miller to show cause in writing why this civil action should not be dismissed for failure to appear at the Status Conference held on April 1, 2013, failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and a court order, failure to prosecute this case, and failure to properly effect service of process on Defendant Wells Fargo Home Mortgage by leaving a copy of the Amended Complaint and summons with a clerk at the Iowa Secretary of State.  (*See* Doc. # 20).  The court warned Ms. Miller that failure to respond to the Order to Show Cause on or before Wednesday, April 17, 2013 may result in a recommendation to District Judge Krieger that this civil action be dismissed.  (*See id.*).

Ms. Miller filed a Response to the court's Order to Show Cause on April 10, 2013.  (*See*

Doc. # 25).  She indicated, *inter alia*, that "I was not provided with any notice of the status conference" and provided her current address as P.O. Box 912, Denver Co 80201.  (*See id.*).  Based on Ms. Miller's Response, the court discharged its Order to Show Cause and reset the Status Conference for May 2, 2013.  (*See* Doc. # 26).  The court mailed Ms. Miller's copy of the Order to her address of record with the court.  (*See* Notice of mailing of Doc. # 26).

The court held the second Status Conference on May 2, 2013 at 9:15 a.m.  Again, neither Ms. Miller nor Defendant Wells Fargo Home Mortgage appeared.  The Courtroom Deputy telephoned Ms. Miller's telephone number of record with the court.  Ms. Miller did not answer and the automated answering service did not permit the Courtroom Deputy to leave any message.  Ms. Miller has not contacted the court regarding her failure to appear.

Ms. Miller has failed to appear at the Status Conference held on May 2, 2013 and the Status Conference held on April 1, 2013, failed to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, and failed to prosecute this case.  Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice.  *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district

court's local rules is a proper ground for dismissal.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Ms. Miller has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* identify and analyze any limitations periods or tolling provisions that may be applicable to Ms. Miller's claims. Nevertheless, based on Ms. Miller's allegation of diversity jurisdiction, her claim for a single incident of breach of contract appears to be subject to a three-year statute of limitations. *See* Colo. Rev. Stat. § 13-80-101(1)(a). She alleges that she became aware of the breach of contract "[i]n May 2012." (*See* Doc. # 6 at 2 of 6). At this time, dismissal of Ms. Miller's breach of contract claim would not have the practical effect of a dismissal with prejudice.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Ms. Miller's failure to appear at the Status Conference held on May 2, 2013 and the Status Conference held on April 1, 2013, failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and court orders, and failure to prosecute this case.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 2nd day of May, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge